[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PAYMENT OF FUNDS ON DEPOSIT
The factual background of this case may be briefly summarized as follows. On June 23, 1992, the Algonquin Gas Transmission company deposited $60,000 with the Clerk of the Court as final damages for an easement across private property owned by Patricia and Nicklas E. Schoonover. The Schoonovers owe $52,858.95 to the Town of Cromwell for municipal and fire district taxes on the subject property, including interest and lien fees through July of 1992. The First National Bank of Connecticut ("FNBC") also claims an interest in that same piece of property by virtue of a Judgment Lien in the original amount of $43,057.09. CT Page 7316
On July 2, 1992, FNBC filed a Motion for Disbursement of Funds on Deposit, praying that the funds in possession of the court be transferred to FNBC, in order to satisfy the Judgment Lien and the interest accumulated thereon. On July 20, 1992, Patricia Schoonover filed a like motion, asking that the funds deposited with the court be applied to the tax-generated debt owed to the Town of Cromwell, with the balance of the funds to be transferred to the Schoonovers. On July 27, 1992, counsel for the Schoonovers agreed to stipulate that the funds deposited with the court would go directly and first to satisfy the tax debt owing to the Town of Cromwell.
The issue framed by this matter is whether the funds deposited with the court should go first to the Schoonovers in order to satisfy their tax debt to the Town of Cromwell, or, in the alternative, whether the funds should go directly to FNBC in order to satisfy the existing Judgment Lien. It is brought to the attention of the court that although the Town of Cromwell is not an immediate party to the present litigation, it has been stipulated, as noted previously, that should the funds at issue be transferred to the Schoonovers, such monies will be delivered directly to the Town of Cromwell. Additionally, the file in this matter contains a letter from the Tax Collector of the Town of Cromwell dated July 8, 1992, noting that the Schoonovers "owe delinquent taxes to the Town of Cromwell and the Cromwell Fire district, in the amount of $52,858.95.
Municipal real property tax liens enjoy absolute priority over "all transfers and encumbrances in any manner affecting such interest in such item, or any part of it." General Statutes Sec. 12-172.
"Municipal taxes enjoy an absolute priority over all encumbrances." Cason, Connecticut Foreclosures, 2nd ed. Sec. 1.02A (1989) (Emphasis added); See also Voluntown v. Rytman, 21 Conn. App. 275, 287, 573 A.2d 336 (1990).
Since, in the matters sub judice, the taxes owing to the Town of Cromwell enjoy an "absolute priority over all encumbrances," Cason, supra, it is hereby ordered that the Clerk of this Court should transfer $52,858.95 (the amount owing to the Town) of the $60,000 on deposit with the Court directly to the Town of Cromwell. This first priority debt being satisfied, the balance of the funds should then go to FNBC, the Judgment Creditor, towards the satisfaction of its lien on the subject property.
It is so ordered. CT Page 7317
HIGGINS, J.